IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDRIA JORDAN LOCKWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2031-X-BN |
| | § | |
| UNITED STATES GOVERNMENT | § | |
| AND PRIVATE INDIVIDUALS AND | § | |
| ENTITIES, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Another judge of this Court just dismissed another lawsuit filed *pro se* by Plaintiff Alexandria Jordan Lockwood. *See Lockwood v. Municipalities*, No. 3:21-cv-1480-M-BH, 2021 WL 3628749 (N.D. Tex. July 9, 2021), *rec. accepted*, 2021 WL 3618106 (N.D. Tex. Aug. 16, 2021) ("*Lockwood I*").

Without paying the statutory filing fee, Lockwood now returns to federal court through a *pro se* complaint that is substantially similar to a filing she previously made in *Lockwood I. Compare* Dkt. No. 3, *with Lockwood I*, Dkt. No. 19; *see also Lockwood I*, Dkt. No. 20 (recommending dismissal of this filing, construed as a writ of mandamus).

United States District Judge Brantley Starr referred Lockwood's latest lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should

dismiss this action with prejudice and issue an appropriate sanctions warning.

A district court is required to screen a civil action filed *in forma pauperis* – as applicable here, a civil action filed absent the statutory filing fee – and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d

at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

And a district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

First, for reasons explained by the court in *Lockwood I*, Lockwood's current action should be dismissed:

### III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (West Supp. 2014). Here, only [some] of the numerous defendants named in the [construed] complaint … are

- 3 -

specifically alleged [to] be located or reside in the Northern District of Texas. It is unclear whether any of the events or omissions giving rise to the plaintiff's claims occurred here …. Because [Plaintiff] does not specify which defendants were allegedly involved, it appears that venue does not appear to lie in this district for at least some of the plaintiff's claims.

> Section 1406(a) of Title 28 of the United States Code provides: The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, even if it were possible to separate and sever the plaintiff's claims, it is not in the interest of justice to transfer those claims to the appropriate districts because, as discussed below, she fails to state a claim….

## IV. MANDAMUS

[Insofar as] the plaintiff specifically invokes the All Writs Act, 28 U.S.C. § 1651(a), and appears to seek an order compelling the investigation and prosecution of the many crimes she contends were committed against her.

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As provided by 28 U.S.C. § 1361, "[t]he district courts [ ] have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in [this statute], is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir. 1980) (internal citations and quotations omitted).

Mandamus relief is not available to compel federal actors to investigate or prosecute crimes. *See United States v. Cowan*, 524 F.2d 504, 511 (5th Cir. 1975) (federal courts are "without power to issue mandamus or other order to compel prosecution since such direction would violate the traditional Separation of Powers Doctrine"); *see also Na'im v. Jackson*, No. 3:17-cv-2121-L-BN, 2017 WL 4570714, at *1-2

(N.D. Tex. Aug. 15, 2017), *rec. adopted*, 2017 WL 4548447 (N.D. Tex. Oct. 12, 2017) ("'mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators'") (collecting cases); *Wells v. Department of Social Services*, No. 09-469-C, 2009 WL 3150469, at *2 (M.D. La., Sept. 29, 2009) (same) (collecting cases). Federal district courts also do not have the power to issue a writ of mandamus against state courts, officers or agencies. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought). Any claims for mandamus relief to compel federal or state defendants in this district to investigate and prosecute alleged crimes against the plaintiff, or against any non-governmental private party or individual, should be dismissed as frivolous or for failure to state a claim.

## V. CRIMINAL STATUTES

The plaintiff's filings could also be construed as seeking to enforce criminal statutes. Violations of criminal statutes do not give rise to a private cause of action, however. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."), *cert. denied*, 81 S. Ct. 751 (1961); *see also Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion;" private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F.App'x 261, 262–63 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (private party may not enforce criminal statutes through a civil action). To the extent that the plaintiff seeks to enforce criminal statutes against any defendants in this district by this lawsuit, she fails to state a claim upon which relief may be granted.

## VI. CIVIL CLAIMS

The plaintiff's complaint may also be liberally construed as seeking to assert civil claims and/or claims for violation of her constitutional rights. [But] she fails to state a claim. Her allegations are

conclusional, and she provides no specific details about the involvement of any defendants in any events that occurred in this district and that are the basis of her claims. Her general allegations and formulaic recitation of statutes are insufficient to state a plausible claim. *See Twombly*, 550 U.S. at 555.

Moreover, under § 1915(e), a court is not bound to accept without question the truth of a pro se plaintiff's allegations. *Denton*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). The plaintiff's claims that hundreds of crimes were committed against her by hundreds of defendants who are attempting and have attempted to murder her, lack an arguable basis in fact because they are based on a fantastical or delusional scenario. Her claims should be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28; *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional).

## VII. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); Scott, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

... This is not [Plaintiff's] first lawsuit in which she has asserted the same or similar allegations against defendants all over the country based on a fantastical or delusional scenario, and she seeks relief that is unavailable in the form of a writ of mandamus to compel the investigation and prosecution of the alleged crimes against her, as well as enforcement of criminal statutes. Because she appears to have pled her best case, no further opportunity to amend is warranted.

## VIII. INJUNCTIVE RELIEF

A preliminary injunction can be issued only after notice to the adverse party. *See* FED. R. CIV. P. 65(a)(1). A court may issue a temporary restraining order (TRO) without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The plaintiff has not shown that she has given the defendants notice of her request for injunctive relief. Neither has she satisfied the requirements in Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required.

In addition, the plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008); *see also White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain preliminary injunctive relief, the movant must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted); *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The movant bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If she fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, [any motion for a TRO] does not specifically address the

requirements for a preliminary injunction, so [Plaintiff] has not carried her heavy burden to show that a TRO or preliminary injunction should issue in this case. Nevertheless, because she has failed to state a claim, she cannot show that she is likely to succeed on the merits, as required for injunctive relief.

*Lockwood I*, 2021 WL 3628749, at *2-*5.

The undersigned further finds that Lockwood's current lawsuit should be dismissed as malicious under Section 1915(e)(2)(B)(ii). "A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))). And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),] in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

Further, insofar as Lockwood now adds claims against Chief Judge Barbara M. G. Lynn and United States Magistrate Judge Irma Carrillo Ramirez based on the

adjudication of *Lockwood I*, those specific claims should be dismissed as barred by judicial immunity.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Lockwood's factually plausible allegations against either judicial officer reflect that she acted outside a judicial capacity. Such claims are therefore barred by absolute judicial immunity and should be dismissed with prejudice.

The Court should also warn Lockwood that the further filing of frivolous lawsuits will subject her to sanctions – including the possibility of monetary penalties and of limits to her ability to file lawsuits *pro se*. "[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## Recommendation

The Court should dismiss this action with prejudice and issue an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: August 30, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE